(No. 3063—)

LLOYD OWENS, Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed February 11, 1941.*

JOHN W. FRIBLEY, for claimant.

GEORGE F. BARRETT, Attorney General; GLENN A. TREVOR, Assistant Attorney General, for respondent.

MR. JUSTICE LINSCOTT delivered the opinion of the court:

Lloyd Owens, claimant, twenty-seven years of age, married, but having no children under sixteen years of age, was employed by Mrs. Dorothy Kay, in her capacity as Assistant Director of the Department of Public Welfare of the State of Illinois, at the rate of Six Dollars ($6.00) per day, and on the 13th day of August, 1936, while engaged in preparing a booth for an exhibit of the Department of Public Welfare of the State of Illinois, for exhibition to the visitors at the Illinois State Fair, Dorothy Kay and the claimant and another helper, were engaged in removing a lattice fence adjacent to an 18 foot stage. The other worker was underneath the stage with a crow-bar in an attempt to remove the stage, and claimant was assisting in attempting to push the fence and stage. It suddenly came loose and claimant's wrist and right hand were caught between the fence and the stage. Dorothy Kay was present. Claimant's wrist was sprained and twisted, and the back of his hand was cut. Dorothy Kay directed him to receive first aid from the Fair Grounds. Claimant went back to work the next day with his wrist bandaged and continued to work for some two or three weeks, but finally called upon Dr. John J. Donovan of Springfield, Illinois.

Claimant claims that he suffered much pain and had a lack of strength in his hand, wrist and fingers. Dr. Donovan made a cast to fit his hand and wrist which went part way up

the arm, from which a brace was made. The State paid for that.

It was Dr. Donovan's opinion that there was a permanent injury and that there was a twenty-five to fifty per cent disability of the use of his right wrist. No bones were broken, and from Dr. Donovan's examination some two or three weeks after the injury, he determined that the pain and weakness in the wrist and hand was caused by the annular ligament of the wrist having been partially torn causing an abnormal amount of motion between the ulna and radius, with crepitus of the two bones when the wrist was rotated. Dr. Donovan found that no bones had been fractured.

Sometime after that, Dr. Paul H. Harmon examined claimant's wrist. Dr. Harmon is a surgeon, duly licensed to practice medicine and surgery in the State of Illinois, and specializes in surgery, being employed in the Department of Public Welfare of the State of Illinois, and being director of the crippled childrens' services in the State of Illinois, which includes supervision of the surgeons who carry out this type of work. The field in which Dr. Harmon is engaged concerns itself with the diseases of the bones and joints, muscles and tendons, especially all diseases of the extremities. Dr. Harmon is also engaged in the practice of orthopaedic surgery.

It would thus appear that the claimant had the benefit of examination by two competent medical men. Claimant's principal injury seems to have been in the wrist joint and the compensation act does not make any specific provision for loss of motion in the wrist joint. From the testimony of Dr. John J. Donovan, it would appear that claimant's wrist joint was twenty-five to fifty per cent less useful. From the testimony of Dr. Harmon it would appear that there is a twenty-five per cent limitation of the motions of flexion, extension, hyper-extension, ulnar deviation and radial deviation, but that there was practically no limitation of motion to claimant's right wrist as to pronation and suppination. It would also appear from Dr. Harmon's testimony that at the time of claimant's examination, claimant had a disability of about thirty-five per cent of the entire use of his right hand, but that in his opinion if the claimant ceased to use the brace which he customarily wore, that additional motion would be gained by the claimant in the injured wrist.

It appears that the claimant was not working steadily at this job, and therefore, under the Compensation Act, his weekly compensation must be determined on a 200 day year. His annual wages, therefore, must be $1,200.00, and his weekly wage would be 1/52 of that, or $23.08. This would make his compensation rate $11.54 per week since claimant did not have any children under sixteen years of age at the time of the injury.

We, therefore, find that claimant's injury arose out of and in the course of his employment; that his superior officer was present at the time of his injury and had notice thereof; that claim was filed within a year.

Considering the testimony of both doctors and harmonizing that testimony, we are of the opinion that the claimant has suffered a ten per cent permanent loss of his whole right arm, and is entitled to the sum of $259.65, being 10% of 225 weeks at $11.54 per week. We also find that Dr. John J. Donovan is entitled to the sum of $75.00 for medical care and attention.

An award, therefore, is recommended to Lloyd Owens, claimant, for the purpose herein mentioned, in the sum of $259.65, and an award is recommended for Dr. John J. Donovan, in the sum of $75.00

This award, being subject to the provisions of an Act entitled "An Act Making an Appropriation to Pay Compensation Claims of State Employees and Providing for the Method of Payment Thereof," (Illinois Revised Statutes, 1939, Bar Association Edition, Chapter 127, Pars. 180-181), and being subject also to the terms of an Act entitled "An Act Making Appropriations to the Auditor of Public Accounts for the Disbursement of Certain Monies Until the Expiration of the First Fiscal Quarter After the Adjournment of the Next Regular Session of the General Assembly," approved July 1, 1939 (Session Laws 1939, page 117); and being, by the terms of the first mentioned Act, subject to the approval of the Governor, is hereby, if and when approval is given, made payable from the appropriation from the General Fund in the manner provided by the foregoing Acts.